**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| JAMES MARVIN POWELL, JR., : | |
| : | |
| Plaintiff : | |
| v. : | 1:04-CV-163 (WLS) |
| : | |
| COZY RAY and THE CITY OF : | |
| CORDELE, GEORGIA, a : | |
| municipal corporation, : | |
| : | |
| Defendants. : | |
| : | |

**ORDER**

Before the Court is Defendants' Motion for Summary Judgment (Doc. 19). For the following reasons, Defendants' Motion for Summary Judgment (Doc. 19) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

**DISCUSSION**

Plaintiff brings the instant action against Defendants for alleged violation of civil rights under 42 U.S.C. § 1983, and for false arrest and battery under Georgia state law. (Docs. 1, 26). Specifically, Plaintiff alleges that Defendant Cozy Ray ("Defendant Ray") assaulted and committed battery upon Plaintiff's person, which resulted in injuries sustained by Plaintiff, while acting in his official capacity as a police officer and employee of Defendant City of Cordele. *Id*.

**I.   Factual Summary**

On the evening of June 1, 2003, Plaintiff drove his truck into the Wal-Mart parking lot in Cordele, Georgia, parking his truck behind the truck of Dusty Gordon, an acquaintance. (Doc. 19, 26). According to Defendants, Mr. Gordon's truck was properly parked in a parking space, while Plaintiff's truck was improperly stopped in a lane of traffic facing the wrong direction. (Doc. 19). At some point thereafter, Plaintiff and Mr. Gordon began "tussling, pulling, and grabbing at each other." *Id*. According to Defendants, Mr. Gordon indicates they were doing so in a friendly way, but that a bystander could have thought they were fighting. *Id*. Around that time, Defendant Cozy Ray ("Defendant Ray"), then an officer with the Cordele Police

1

Department, and Officer Robert Green ("Officer Green") were dispatched to the Wal-Mart parking lot due to a report of a fight. (Docs. 19, 26). Upon arrival at the parking lot, Plaintiff and others congregated in the parking lot and informed Defendant Ray and Officer Green that they had not seen anyone fighting. *Id*. At this time, Defendant Ray and Officer Green noticed that Plaintiff's truck was parked illegally, and that Plaintiff had mounted neon lights on the dashboard of said vehicle, which were flashing in a strobe fashion. *Id*. Defendant Ray informed Plaintiff that the lights were illegal and that he was improperly parked. *Id*.

According to Defendants, Plaintiff walked away towards his truck and began to open the door while Defendant Ray and Officer Green were talking to him. (Doc. 19). Alternately, Plaintiff contends, Plaintiff walked towards his truck after speaking with the Officers. (Doc. 26). All parties agree that Defendant Ray closed the truck door before Plaintiff could get into the truck. (Docs. 19, 26). According to Defendants, Plaintiff was not hurt in anyway by Defendant Ray shutting the truck door. (Doc. 19). Plaintiff does not dispute this fact. (*See* Doc. 26).

A struggle then ensued while Defendant Ray and Officer Green attempted to place Plaintiff's arms behind his back to place him in handcuffs during which time Plaintiff allegedly sustained a separated shoulder and various scrapes and bruises. (Docs. 19, 26). Specifically, Plaintiff alleges that Defendant Ray placed Plaintiff into a headlock and wrestled him to the ground. (Doc. 26). After Defendant Ray and Officer Green placed Plaintiff in handcuffs, Plaintiff was placed in one of their patrol cars. (Doc. 19). Plaintiff was issued two citations, for display of unauthorized signals and improper parking, and thereafter released from custody. (Doc. 19, 26). The Municipal Court of Cordele, Georgia found Plaintiff guilty of displaying unauthorized signals and dismissed the improper parking charge. (Doc. 19). Plaintiff, who was represented by counsel at court, was fined, did not appeal, and paid said fine. *Id*.

At all pertinent times, Defendant Ray and Officer Green were officers with the Cordele Police Department, were employed by Defendant City of Cordele, and were acting in their official capacities as police officers and City employees. *Id*. Both Defendant Ray and Officer Green received police officer training at Abraham Baldwin Agricultural College in Tifton, Georgia and the POST facility in Forsyth, Georgia. (Doc. 19). According to Defendants, Plaintiff

admits Officers Ray and Green had the right to place Plaintiff in handcuffs in their capacities as police officers. (Doc. 19).  Plaintiff does not dispute this fact. (*See* Doc. 26).

## II.     Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  An issue is "genuine" if the quantum and quality of proof necessary to support liability under the claim is raised.  Allen v. Tyson Foods, 121 F.3d 642, 646 (11th Cir. 1997).  A fact is "material" if it hinges on the substantive law at issue and it might affect the outcome of the nonmoving party's claim.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); *see also* Allen, 121 F.3d at 646.  A judgment is appropriate "as a matter of law" when the nonmoving party has failed to meet its burden of persuading the Court on an essential element of the claim.  Cleveland v. Policy Management Sys. Corp., 526 U.S. 795, 804 (1999); Celotex Corp., 477 U.S. at 323.

The movant bears the initial burden of showing that there is no genuine issue of material fact. Celotex Corp, 477 U.S. at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by showing, or by pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-24.  Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial."  *Id.* at 324.  To avoid summary judgment, the nonmoving party must do more than summarily deny the allegations or "show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict.  Celotex Corp., 477 U.S. at 322-

23; Allen, 121 F.3d at 646.  However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

**III.    Legal Analysis**

Plaintiff alleges that Defendant Ray used excessive force in violation of the Fourth Amendment in placing him under arrest. (Docs. 1, 26).   In support of his argument, Plaintiff asserts that Defendants present no evidence that Plaintiff was in any way resisting arrest.  (Doc. 26).  Yet, according to Plaintiff, Defendants placed Plaintiff into a headlock and wrestled him to the ground, in the process inflicting injuries upon him in the nature of a dislocated shoulder.  *Id*.  Furthermore, Plaintiff notes with significance the fact that "Plaintiff was in no way committing an act of violence and at worst was simply being charged with improper parking" as support for his argument that Defendant Ray had no probable cause to seize and arrest Plaintiff under the circumstances. *Id*. Additionally, Plaintiff notes, he "was not armed, had nothing on or about him that would cause any harm, [and] had not made any threats toward [either officer.]" *Id*.

Defendant also contends that "Defendant Ray had a propensity for violence against citizens, generally, that Defendant City failed to make any effort to avoid such acts, and failed to provide the proper training of Defendant Ray. (Doc. 26).  However, Plaintiff neither provides nor directs the Court's attention to any evidence which could support such a finding.

Alternately, Defendants contend that Plaintiff's claims do not rise to a constitutional violation of the Fourth Amendment.  (Doc. 19).  Specifically, Defendants argue that Defendant Ray did not use unjustified excessive force in restraining Plaintiff.  *Id*.  Further, Defendants contend that they used normally accepted use of force in detaining Plaintiff and placing him in temporary custody.  *Id*.   Relying upon Rodriguez v. Farrell, 280 F.3d 1341, 1351 (11th Cir. 2002), Defendants maintain that injuries suffered by Plaintiff as a result of "painful handcuffing," without more, is not excessive force, further alleging Plaintiff's injuries to be minimal.  (Doc. 19).  Defendants further contend that the Officers had probable cause to detain Plaintiff.  *Id*. Defendants also argue that Defendant Ray cannot be held personally liable because he has qualified and discretionary function immunity.  *Id*.

As to Defendant City of Cordele, Defendants maintain that Plaintiff fails to show that his alleged injuries are a result of any policy or custom of Defendant City. *Id*. Defendants further argue that Defendant City of Cordele is entitled to official immunity on the state tort claims. *Id*. Alternately, Plaintiff argues that Defendant City has waived its official immunity, in that Defendant City had in place at the time of the events in question a liability insurance policy which covered Defendant Ray. (Doc. 26). Additionally, Plaintiff shows that Defendant City was placed on notice of the instant claim as required by O.C.G.A. § 36-33-5. (Doc. 26, *citing* Doc. 1, Exh. A).

### A.    Section 1983 claim against Defendant Ray[1]

"For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents." Vineyard v. County of Murray, 990 F.2d 1307, 1210 (11th Cir. 1993) (citing Owens v. Fulton County, 877 F.2d 947, 951 n. 5 (11th Cir.1989)). To establish liability against a governmental entity under Section 1983, the Plaintiff must show that the governmental actors were acting pursuant to a policy, practice or custom. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The Monell standard necessarily requires Plaintiff to make two showings: first, that an unconstitutional municipal policy or custom exists; and second, that the governmental actor was acting pursuant to said custom or policy when he caused the alleged harm. As the Eleventh Circuit notes in Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1479 (11th Cir. 1991), a municipality may not be held liable under Section 1983 simply on the basis of *respondeat superior*. "Where the policy relied upon is not itself unconstitutional, considerably more proof than the single incidence will be necessary in every case to establish both the requisite fault of the municipality, and the causal connection between the 'policy' and the constitutional deprivation. Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1986).

---

[1] Upon careful review of Plaintiff's Complaint and brief submitted in response to Defendants' Motion for Summary Judgment, the Court finds that Plaintiff does not assert a claim against Defendant Cozy Ray in his individual capacity. Accordingly, the Court addresses only those existing claims asserted in the Complaint and addressed by Defendants in the instant motion.

In this case, Plaintiff submits no evidence that could support a finding that Defendant Ray was acting pursuant to an unconstitutional policy, practice or custom when he caused the alleged harm. While Plaintiff alleges that Defendant Ray "had a propensity for violence against citizens" and that "Defendant City failed to make effort to avoid such acts, and failed to provide [Defendant Ray] proper training," Plaintiff submits no evidence in support of these allegations. (*See* Docs. 1, 26). Accordingly, Plaintiff cannot sustain a Section 1983 claim against Defendant Ray in his official capacity. By the same measure, Plaintiff cannot sustain a Section 1983 claim against Defendant City of Cordele.

### B. Georgia state law claims

Any state law claims against Defendant Ray in his official capacity are also claims against Defendant City of Cordele. *See* Pearson v. City of Atlanta, 231 Ga. App. 96, 101 (1998); *see also* Gilbert, 264 Ga. at 750; Vineyard, 990 F.2d at 1210. Municipal corporations such as Defendant City of Cordele generally enjoy sovereign immunity and are immune from liability for damages. *See* O.C.G.A. § 36-33-1. O.C.G.A. § 36-33-3 further states "[a] municipal corporation shall not be liable for the torts of policemen or other officers engaged in the discharge of the duties imposed on them by law." However, a municipal corporation waives its immunity from liability upon purchase of liability insurance. *See supra* O.C.G.A. § 36-33-1. Such a waiver of liability exists only to the extent of the limits of such an insurance policy. *Id*.; *see also* Reese v. City of Atlanta, 261 Ga. App. 761, 762 (2003).

Here, unlike in Reese, Plaintiff submits evidence that could support a finding that Defendant City has waived its governmental immunity by purchasing and maintaining a liability insurance policy. (*See* Doc. 26, Exh. 2). The extent to which Defendant City's liability policy covers claims such as those asserted by Plaintiff is a disputed material fact, which necessarily precludes a grant of summary judgment in this case as to whether and to what extent Defendant City of Cordele has waived its governmental immunity. (*Compare* Docs. 19, 26, 33). Notably, Defendants make no additional arguments in the instant motion for summary judgment that Plaintiff otherwise failed to make out a prima facie case for his state law claims. (*See* Docs. 19,

33). Therefore, based on the facts presented, the Court cannot properly find at this time that Defendant City of Cordele is entitled to summary judgment as to Plaintiff's state law claims. Likewise, Defendant Ray is not entitled to summary judgment as to Plaintiff's state law claims against him in his official capacity.

Accordingly, Defendants' Motion for Summary Judgment (Doc. 19) is **GRANTED-IN-PART** as to Plaintiff's 42 U.S.C. § 1983 claims, and **DENIED-IN-PART** as to Plaintiff's state law claims.   As there are no surviving claims over which this Court has original jurisdiction, the Court, pursuant to 28 U.S.C. § 1367(c)(3) **REMANDS** Plaintiff's state law claims to the Superior Court of Crisp County, Georgia.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 19) is **GRANTED-IN-PART** and **DENIED-IN-PART**.  Remaining for trial are Plaintiff's state law claims of false arrest and battery against Defendant City of Cordele and Defendant Ray in his official capacity.  Plaintiff's state law claims are hereby **REMANDED** to the Superior Court of Crisp County, Georgia.

**SO ORDERED**, this   30th   day of March, 2006.

    /s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**